PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN ROSA PÉREZ, Defendant and Appellant.

No. 5951. Argued May 21, 1936.—Decided July 31, 1936.

*Leopoldo Tormes García* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

A complaint was filed against Juan Rosa Pérez for a violation of Section 21 of the Beverage Act, committed as follows:

"That on April 4, 1935, and in the Pellejas ward of Adjuntas, of the Municipal Judicial District of Adjuntas, which forms part of the judicial district of Ponce, P. R., the aforesaid defendant, willfully, maliciously and unlawfully had in his possession and at his disposal in his establishment, a wooden container (pipe) containing three-quarters of a gallon of rum, which is a taxable alcoholic

beverage, without such container having affixed thereto a label stating the alcoholic content by volume of such beverage. The establishment to which this complaint refers is a store.''

When the case came on for trial, the defendant alleged that the complaint did not charge the commission of any public offense. This defense was overruled by the court and, after evidence was heard, the defendant was convicted of a violation of Section 21 of the Beverage Act No. 1 of 1934 (Laws, page 154), as construed together with Section 67 thereof, and sentenced to pay a ten dollar fine and in default thereof to be confined for one day in jail for each dollar left unpaid.

The defendant has appealed from the judgment. The evidence was not incorporated in the record. The defendant contends that since, according to the terms in which the complaint is drafted, he is a mere dealer and not a manufacturer, distiller or rectifier, he is not charged with any offense, and that the judgment convicting him is without foundation.

The Act provides:

''All bottles or any other containers containing alcoholic beverages or medicinal products, of whatever kind or nature, manufactured in Puerto Rico, or imported or brought into Puerto Rico, shall have attached a label specifically and distinctly stating the exact alcoholic content by volume of such preparations. The preparations produced or manufactured in Puerto Rico shall be labeled before they are withdrawn from the factory, warehouse, or storage place, and on those which are imported or introduced into Puerto Rico, such labels shall be placed thereon before they are withdrawn from the Custom House or express office, or from the possession of the owners or agents of the ships in which they are brought to Puerto Rico.''

The first part of the act shows that the intention of the legislature was that all bottles or other containers containing alcoholic beverages, etc., manufactured in Puerto Rico or brought to this island, shall have attached a label, and the inference is logical, even in this portion, that such duty was imposed only upon manufacturers or importers. The final portion of the act makes it clear that the intention of

the legislature was that the label should be affixed by such manufacturers or importers opportunely or when such persons took possession of the products.

There is no universality in the act making it extensive to every person who acquires or handles the products, nor is there any indication that what was a duty of the manufacturers or importers ought to be performed by other persons.

The appellant was a merchant and did not fall within the penalties of the act.

The judgment must be reversed and the defendant discharged.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.

### DISSENTING OPINION OF MR. CHIEF JUSTICE DEL TORO

I am not in agreement with the opinion of the majority or with the judgment rendered. The act copied in that opinion is in two parts. The first part directs a label to be affixed. The second part fixes the time at which the bottles and containers should be labeled.

The complaint charges the defendant with being in malicious and unlawful possession and with having at his disposal in his mercantile establishment a container (wooden pipe) containing rum—a taxable alcoholic beverage—without a label stating the alcoholic content by volume of such beverage.

There is no doubt then that he was infringing the act, but the appellant maintains that he is not liable for the infringement for the reason that he, a mere merchant, was under no obligation to label the container, since, according to the second part of the Section, the beverage should have been labeled before being withdrawn from the factory warehouse or storage place, if it had been manufactured in Puerto Rico, or before being withdrawn from the Customs House, express office, or from the possession of the owners or agents of the ships in which it was brought, if it had been imported into the island.

In my opinion the appellant's contention is not sound. The obligation is continuous. An alcoholic beverage in a contained may not be disposed of unless the container is labeled as provided by the act. The second part of Section 21 is logical. It tends to require the label to be affixed at the appropriate moment. It sketches the origin of the man ufacture or the importation. When the rule is not followed and the unlabeled container does in fact come into the pos· session of a dealer, as happens in this case, then the pro- visions of Section 67 of the same act, taken together with the provisions of Section 21 govern. Section 67 provides:

"Section 67.—Alcoholic beverages which shall have been illegally imported or introduced into, or which shall have been illegally manu- factured or distilled in, Puerto Rico shall be considered as products manufactured or produced in, or introduced into, Puerto Rico, in ac- cordance with the provisions of this Act, and as such shall be subject to all requirements established by this Act." Sec. 67, Act 1, Laws of 1934, p. 1720.

In such case the dealer is responsible. It is not neces- sary to search further. One who deals with the unlabeled article assumes the corresponding liability.

I think the appeal should be dismissed and the judgment appealed from affirmed.